### H. C. MURPHY *v.* SOLOMON GREEN *et al.*

1. GUARDIAN AND WARD.   *Married woman.    Settlement of estate. Practice.*   A guardian may, by bill in Chancery, defeat the claim of his ward's husband to personal property in his charge as such guardian, and have the same settled upon her to her sole and separate use, as the Court may direct.
   Cases cited:  Phillips *v.* Hassell, 10 Hum., 199; 2 Story, Eq., § 1414.

FROM ROBERTSON.

Appeal from the Chancery Court.   CHARLES G. SMITH, Chancellor.

STARK & JUDD for Murphy.

JAMES L. WATTS for Green *et al.*

NICHOLSON, C. J., delivered the opinion of the Court.

H. C. Murphy *v.* Solomon Green *et al.*

H. C. Murphy was guardian of Nancy Murphy, his sister, and as such had in his hands $996.00, which was her entire patrimony, except $30 or $40, in the hands of Shaw, administrator of their father, G. G. Murphy. Nancy, being thirteen years of age, was married to Solomon Green, a man of no substance, having neither land nor money, nor property of any kind—one who will not labor for a support, and has no income from any source, and is considered wasteful and prodigal. The marriage took place without the knowledge or consent of complainant, who is the brother and regular guardian of Nancy. Very soon after the marriage, the husband called on complainant, and demanded a settlement, and payment of the amount in his hands as guardian. Complainant refused to pay the money, but proposed to invest it in a home for his sister, and have the title made to her. Her husband refused the offer, and repaired to an attorney and, perhaps, employed him to bring suit.

Complainant immediately filed this bill, making the allegations already cited, stating that he has the money, subject to the orders of the Court—makes Green and wife and Shaw (administrator) parties, and asks the Court to protect the interests of his sister and ward, by settling the amount in his hands and in those of Shaw upon his sister, to her sole and separate use, in such way as the Court may deem best.

Defendant, Green and wife, moved to dismiss the

bill for multifariousness, and for want of equity. The Chancellor sustained the motion and dismissed the bill. From the decree complainant has appealed.

It was formerly matter of no inconsiderable doubt, whether the equity of a wife to a settlement could be enforced, except when the husband or his assignees or creditors came into Court to obtain possession of her estate. But Judge Story says:

"The doctrine is now firmly established, that whenever the wife is entitled to this equity for a settlement out of her equitable interests against her husband, or his assignees, she may assert it in a suit, as plaintiff, by bringing a bill in the name of her next friend. And certainly there is much good sense in disallowing any distinction, founded on the mere consideration who is plaintiff on the record; for her equity is precisely the same, whether she is plaintiff or whether she is defendant. If it is a substantial right, it ought to be enforced in her favor, whenever it is withheld from her." 2 Story Eq., § 1414.

In the case of *Phillips* v. *Hassell*, 10 Hum., 199, Judge McKinney says:

"It is immaterial whether the bill be brought by the husband and wife jointly, to obtain possession of her fortune, or by the wife alone, in the name of her next friend, or by a third person in her behalf. The result of the cases seem to be, that whenever this right of a married woman is brought before the Court, in opposition to the claims of the husband, his creditors or assignees, it will be acted on, who-

ever the person applying to the Court may be. No distinction is allowed, founded upon the mere consideration of who is the party in the record; the equity is precisely the same, in whatever form, or by whomsoever presented."

In that case the husband and wife had filed their bill against the administrator of the guardian of the wife, for an account. It does not appear that the administrator sought to have a settlement made on the wife, but some of her friends came in by petition and asked for the protection of her rights. The wife answered the petition, and indignantly repelled the interposition of her friends. She was examined separate and apart from her husband, and insisted on the fund being paid over to her husband. She was fifteen years of age, and this Court held that she could give no consent, and settled the entire fund, about $1,900, upon her.

In the present case, the brother and guardian invokes the protection of the Court against the claim of the husband. The wife is only thirteen years of age, and was married without the knowledge or consent of her guardian, and to a man who, upon a motion to dismiss, is to be taken to be without any means, unwilling to labor for a support, and wasteful and prodigal. The bill is replete with equity, and the guardian and brother has discharged his duty in appealing to the Court in behalf of his ward and sister.

The decree will be reversed, and the cause be

remanded 'for answers by all the defendants. The costs of this Court will be paid by Green.